UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                                                    :
BRANDI DAWN SCHEINER, et al.,               :
                                                                    :          08 Civ. 9072 (SHS)
                                 Plaintiffs,        :
                                                                    :          MEMORANDUM OPINION
                 - against -                    :          & ORDER
                                                                    :
MICHAEL BLOOMBERG, et al.,                :
                                                                    :
                                 Defendants.       :
                                                                      :
------------------------------------------------------------------x

SIDNEY H. STEIN, U.S. District Judge.

      Last year, the New York City Council passed Introduction 845-A, an amendment to the New York City term limits law, N.Y. City Charter §§ 1137-38. Mayor Michael Bloomberg signed Introduction 845-A into law shortly thereafter. Under the old law, which was passed by a voter referendum in 1993, city officials could, with limited exceptions, serve no more than two consecutive terms in office. Under the new law, city officials—including most famously Mayor Bloomberg and current City Council members—may serve up to three consecutive terms in office.

      This action challenges the new law. It alleges that Mayor Bloomberg and City Council members violated plaintiffs' rights by passing the term limits amendment by means of legislation, rather than via a citywide voter referendum. Defendants have moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). Because the complaint fails to state a claim upon which relief may be granted, that motion is granted.

**I.      Background**

      Plaintiffs are a group of New York City teachers who fear that Mayor Bloomberg will

end teacher tenure if he is reelected under the new term limits law in November 2009. (Compl. ¶ 28 n.3.) Defendants are Michael Bloomberg, "individually and as Mayor of [the] City of New York"; Christine C. Quinn, "individually and as Speaker of New York City Council"; the "New York City Council"; and numerous individual City Council members. (*Id.* at 1.)

Plaintiffs began this action by filing a complaint on October 22, 2008. Defendants moved to dismiss the complaint on November 7, 2008, and plaintiffs have failed to oppose that motion despite being informed that "[f]ailure to do so [would] result in either a dismissal of this action pursuant to Fed. R. Civ. P. 41(b) or a determination of the motion on the existing papers." (Order, Dec. 10, 2008.)[1]

This case, therefore, stands in stark contrast to *Molinari v. Bloomberg*, No. CV-08-4539, 2009 WL 87578 (E.D.N.Y. Jan. 13, 2009) (Sifton, J.), which also challenges the new term limits provision. In *Molinari*, a coalition of City Council members, City Council candidates, City officials, voters, and private advocacy groups brought suit claiming that the new term limits provision violates the First Amendment, the Fourteenth Amendment, the New York State Constitution, and other provisions of state and local law. *Id.* at *6-25. The plaintiffs in *Molinari* fully briefed cross-motions for summary judgment, created an evidentiary record through sworn statements and exhibits, and advocated their case at oral argument. Judge Sifton issued a carefully reasoned opinion granting defendants' motion for summary judgment, *id.* at *25, and the plaintiffs in that action have appealed Judge Sifton's determination. In sum, *Molinari* involved a challenge to the new term limits provision that was prosecuted with vigor and care.

---

[1] It need also be noted that, for reasons unrelated to this case, plaintiffs' attorney, Edward D. Fagan, was stricken from the roll of attorneys admitted to practice law in this district. *In re Edward D. Fagan*, No. M-2-238 (S.D.N.Y. Jan. 15, 2009). Although this Court gave plaintiffs thirty days to retain new counsel or to appear pro se (Order, Jan. 17, 2009), no one has entered an appearance for plaintiffs nor did any plaintiff appear at a regularly scheduled pretrial conference on February 27, 2009.

2

The complaint here asserts two claims brought pursuant to 42 U.S.C. § 1983.[2] (Compl. ¶¶ 6, 36-51.) Count One seeks a declaration that defendants' efforts "to change the term limits laws without a Voter Referendum or Court Order [constituted] a violation of their Oath of Office." (*Id.* ¶ 43.) Count Two alleges that the use of legislation to amend the term limits provision was a violation of plaintiffs' "civil rights" and "right to vote." (*Id.* ¶ 45-49.) Count Three does not set forth an additional substantive claim but rather seeks an injunction against the enforcement of the new term limits provision. (*Id.* ¶¶ 52-56.)

## II.   Plaintiffs Have Failed to State a Claim Upon Which Relief May Be Granted

As noted above, defendants have moved to dismiss each of plaintiffs' claims pursuant to Fed. R. Civ. P. 12(b)(6). When reviewing a Rule 12(b)(6) motion to dismiss, the Court assumes the truth of all facts asserted in the complaint and draws all reasonable inferences from those facts in favor of the plaintiff. *See Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006). A motion to dismiss will be granted only if the plaintiff has failed to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Under this "flexible 'plausibility standard,'" *Iqbal v. Hasty*, 490 F.3d 143, 158 (2d Cir. 2007), the factual allegations in a complaint "must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555.

### A.   The Mayor and City Council Members Are Entitled to Absolute Immunity for Their Roles in Passing the New Term Limits Provision

Insofar as the complaint asserts section 1983 claims against the Mayor and City Council members in their individual capacities, those claims must be dismissed under the doctrine of absolute legislative immunity. "The principle that legislators are absolutely immune from

---

[2] The complaint grounds this Court's subject matter jurisdiction on 42 U.S.C. § 1983 and "28 U.S.C. 1330." (Compl. ¶ 6.) Since this action obviously does not involve a foreign state, *see* 28 U.S.C. § 1330, this Court will assume that plaintiffs meant to cite 28 U.S.C. § 1331. Indeed, as plaintiffs appear to allege violations of the United States Constitution, section 1331 provides this Court subject matter jurisdiction over plaintiffs' claims.

3

liability for their legislative activities has long been recognized in Anglo-American law," and the U.S. Supreme Court has held that "local legislators are likewise absolutely immune from suit under § 1983 for their legislative activities." *Bogan v. Scott-Harris*, 523 U.S. 44, 48-49 (1998). Plaintiffs brought this action against the Mayor and City Council members solely for their actions in passing the new term limits law. Those actions were clearly "taken 'in the sphere of legitimate legislative activity,'" *id.* at 54 (quoting *Tenney v. Brandhove*, 341 U.S. 367, 376 (1951)), and thus cannot form the basis of individual liability under section 1983. Furthermore, allegations that defendants engaged in non-legislative conduct—that they used "improper and potentially illegal pressures to intimidate others" (Compl. ¶ 29)—are far too speculative and imprecise "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

Plaintiffs may, however, challenge the new term limits provision by asserting section 1983 claims against defendants in their official capacities. Plaintiffs arguably could have challenged the new term limits provision by bringing a section 1983 action directly against the City of New York. *See Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658, 690 (1978). Plaintiffs chose instead to bring an action against the Mayor and City Council members in their official capacities. "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Because the Corporation Counsel of the City of New York represents defendants in this action, the City has received notice of this action, and plaintiffs' challenge to the new term limits provision may proceed as if it had been brought against the City of New York.

### B. Plaintiffs May Not Challenge a Law on the Ground That It Violates an Official's Oath of Office

Count One alleges that defendants violated their oaths of office by passing the new term

4

limits law.  Officials may, of course, face repercussions at the ballot box if they act contrary to their oaths of office.  But this Court is aware of no case authority holding that a private citizen may challenge a law solely on the ground that, by passing the law, officials violated their oaths of office.  To the contrary, courts have held that there is no private cause of action for an official's alleged violation of an oath of office.  *See, e.g.*, *Mechler v. Hodges*, No. C-1-02-948, 2005 U.S. Dist. LEXIS 45448, at *20-21 (S.D. Ohio June 15, 2005); *Simon v. Northern Farms*, No. 97-1164-JTM, 1997 U.S. Dist. LEXIS 13472, at *17-18 (D. Kan. Aug. 26, 1997).  Accordingly, Count One fails to state a claim upon which relief may be granted.

### C. Plaintiffs' Allegations Fail to Show a Violation of Their Civil Rights

Count Two alleges that the new term limits provision violates plaintiffs' "civil rights" and "right to vote."  The complaint describes that claim as follows:

> Defendants are public officials.
> As public officials, Defendants may not subject Plaintiffs or cause Plaintiffs to be subjected to a discrimination and deprivation of their rights and privileges.
> The issue of term limits is an issue that can and should only be decided through a public referendum in which all registered voters of the City of New York, have an opportunity to vote.
> Defendants' actions are an attempt to infringe upon and in contravention to Plaintiffs' rights to vote in a public referendum on whether or not the law of the City of New York term limits is also a fundamental right.
> Defendant Bloomberg's actions are also in furtherance of his continued violation of Plaintiffs' due process and other rights as NYC public school teachers, as those rights are protected by US laws, by contract and by NYS Education Laws.
> As a direct and proximate result of Defendants aforesaid efforts to change term limits without a Voter Referendum, Plaintiffs have and will continue to suffer irreparable damages.

(Compl. ¶ 46-51 (errors in original).)  In a footnote, the complaint further explains: "Defendants' actions are similar to unlawful re-districting plans through which voters' rights have been infringed."  (Compl. ¶ 49 n.4 (citing *Kirkpatrick v. Preisler*, 394 U.S. 526, 530-31 (1969); *Wells*

5

*v. Rockefeller*, 394 U.S. 542 (1969).)

Those statements are perplexing, and plaintiffs' exact claim is unclear. The complaint contains absolutely no allegations in support of a claim that Mayor Bloomberg has violated plaintiffs' "due process rights and other rights as NYC public school teachers." (Compl. ¶ 50.) Insofar as plaintiffs explicitly intended to bring a due process claim concerning their status as tenured teachers, they have utterly failed to set forth allegations in support of such a claim.

Insofar as plaintiffs intended to bring any other claim under the Constitution, their allegations are again insufficient. Plaintiffs' only allegation is that the new term limits provision was passed through legislation, not through a referendum. That allegation fails to state a constitutional violation. A local government's decisions about how its laws may be passed—how, for example, its charter may be amended—are decisions that do not, standing alone, implicate the Constitution. States and municipalities have wide discretion in designing their governments, and a court should "not sit to determine whether" a state "has chosen the soundest or most practical form of internal government possible." *Holt Civic Club v. City of Tuscaloosa*, 439 U.S. 60, 73-74 (1978). A state cannot, of course, design its government in a way that violates a substantive provision of the Constitution—for example, the Equal Protection Clause. *See, e.g.*, *Reynolds v. Sims*, 377 U.S. 533, 568 (1964). But "unless the state, county, or municipal government runs afoul of a federally protected right, it has vast leeway in the management of its affairs." *Sailors v. Board of Education*, 387 U.S. 105, 109 (1967).

Plaintiffs make no allegations suggesting that the new term limits law—or the manner in which it was passed—ran "afoul of a federally protected right." For instance, the complaint contains no allegations in support of a claim of discrimination, legislative entrenchment, electoral misconduct, blocked ballot access, or diminished expression. *Cf. Molinari*, 2009 WL

6

87578, at *6-25. The complaint makes no attempt to invoke the rights guaranteed by the First Amendment, the Equal Protection Clause, or any other constitutional provision. *Cf. id.* at *6-15. Though the complaint cites *Kirkpatrick*, 394 U.S. 526, and *Wells*, 394 U.S. 542, this action has nothing to do with electoral redistricting. Without allegations showing a constitutional violation, whether New York City's term limits law may be amended through legislation or a referendum is a question only of state and local law.

It is important to note, moreover, that the complaint does not explicitly assert a state law cause of action. Even if the complaint could be *construed* to allege a state law cause of action (*see* Compl. ¶¶ 12-13), this Court would decline to exercise supplemental jurisdiction over that claim pursuant to 28 U.S.C. § 1367(c)(1) and (3). Whether the new term limits provision violates New York law alone is a question best left to the New York state courts.

### III.    The Complaint Is Dismissed

Because plaintiffs' "oath of office" claim is not actionable and plaintiffs' "civil rights" claim fails to articulate any constitutional violation, defendants' motion to dismiss the complaint is granted.

Dated: New York, New York
       March 17, 2009

SO ORDERED:

_____
Sidney H. Stein, U.S.D.J.